UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| FREDY ORLANDO GUILLEN POSADA,<br><br>        Petitioner,<br><br>v.<br><br>PATRICIA HYDE,<br>*New England Field Office Director,*<br>*U.S. Immigration &*<br>*Customs Enforcement*, et al.,<br><br>        Respondents. | 2:25-cv-00544-SDN |

## **WRITTEN ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

On November 10, 2025, I issued an oral Order granting Petitioner Fredy Orlando Guillen Posada's verified petition for a writ of habeas corpus under 28 U.S.C. § 2241, ECF No. 21, and ordering his immediate release without conditions pending a future bond hearing, ECF No. 23. This written Order explains my reasoning.

### I.   Facts[1]

According to the verified petition, Mr. Guillen Posada is a Salvadorian citizen who entered the country on or around June 7, 2014, near Hidalgo, Texas, at which point he was apprehended at the border, placed into removal proceedings, and subsequently released on bond. ECF No. 21 at 1. At that time, he was detained pursuant to section 236 of the Immigration and Nationality Act. *Id*. at 4. On November 20, 2018, he applied for asylum with the Boston Immigration Court, which was granted contingent on Petitioner's

---

[1] These facts are derived from Mr. Guillen Posada's verified petition, the parties' filings and exhibits, and counsels' presentations at the November 10, 2025, oral argument.

wife and two U.S.-citizen children undergoing biometrics and background checks, which have not yet been completed. *Id.*

On April 4, 2023, Mr. Guillen Posada was detained by U.S. Immigration and Customs Enforcement ("ICE") on the ground that he was wanted for alleged extortion in El Salvador. *Id.*; ECF No. 18-1 at 3. At a bond hearing, the Immigration Judge granted Petitioner $40,000 bond, finding that he was not a flight risk or a danger to the community, despite the Government's arguments to the contrary. ECF Nos. 21 at 5, 18-1 at 4. The U.S. Department of Homeland Security ("DHS") appealed the determination, although Petitioner remained out on bond. *See* ECF No. 21 at 5. On October 10, 2025, more than two years after DHS filed its appeal, the Board of Immigration Appeals ("BIA") overturned the Immigration Judge's decision, finding that the newly released precedential BIA decision, *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (B.I.A. 2025), precluded Mr. Guillen Posada's release on bond under 8 U.S.C. § 1226(a). ECF No. 21 at 5.

On October 20, 2025, following the BIA's decision on his appeal, Petitioner was detained again by ICE and was first placed into custody at the Burlington ICE facility in Massachusetts before being transferred to the Cumberland County Jail.[2] *Id.* at 2; ECF No. 18-1 at 2.

On October 29, 2025, Mr. Guillen Posada filed an unverified petition for a writ of habeas corpus under 28 U.S.C. § 2241 in the District of Massachusetts. ECF No. 1. The

---

[2] Because Mr. Guillen Posada currently is detained in Maine, I find that this Court retains jurisdiction over the habeas matter. *See Ozturk v. Trump*, 777 F. Supp. 3d 26, 35 (D. Mass. 2025) ("[A]s a general matter, a habeas petitioner must file his or her petition in the district of confinement."). And although 8 U.S.C. § 1252(b)(9) limits judicial review in immigration proceedings, it "does not present a jurisdictional bar where those bringing suit are not asking for review of an order of removal, the decision to seek removal, or the process by which removability will be determined." *Dep't of Homeland Sec. v. Regents of the Univ. of Cal.*, 591 U.S. 1, 19 (2020) (quotation modified).

same day, the parties filed a joint motion to transfer the case to the District of Maine on the ground that he currently is detained at the Cumberland County Jail in Portland, Maine. ECF No. 8. The transfer was granted. ECF No. 11. I subsequently issued an order enjoining Mr. Guillen Posada's transfer outside the District of Maine while briefing on his habeas petition was ongoing. ECF No. 13. On November 7, 2025, the Government filed a response, ECF No. 22, to the Court's show cause order, ECF No. 4, explaining why the Government believes Mr. Guillen Posada's detention is lawful. The same day, Mr. Guillen Posada filed an amended verified petition. ECF No. 21.

On November 10, 2025, the Court held oral argument on Mr. Guillen Posada's petition. At that argument, the Petitioner reiterated his claims that the Government is violating his constitutional right to due process by denying him the opportunity to request a bond hearing to which he is entitled under 8 U.S.C. § 1226(a). His claim rests on the premise that he is incorrectly classified as subject to mandatory detention under 8 U.S.C. § 1225(b)(2), when he should instead be discretionarily detained under section 1226(a), particularly because he has always been treated as subject to that part of the statute.[3] The Government opposed Petitioner's arguments. At the conclusion of the hearing, I ruled from the bench that my previous analysis on this issue is controlling and that Mr. Guillen Posada should be immediately released without conditions, with a bond hearing to be

---

[3] Under section 1225(b)(2)—the "mandatory detention statute"—a noncitizen "who is an applicant for admission" shall be detained for a removal proceeding "if the examining immigration officer determines that [the noncitizen] seeking admission is not clearly and beyond a doubt entitled to be admitted." 8 U.S.C. § 1225(b)(2)(A). In contrast, under section 1226—the "discretionary detention statute"—a noncitizen subject to detention is entitled to procedural protections that are not afforded under the mandatory detention statute, such as the right to a bond re-determination hearing in front of an Immigration Judge and a right to appeal any custody determination. *See* 8 C.F.R. § 236.1 (2025) (enumerating the procedural protections).

held before the Immigration Court pursuant to 8 U.S.C. § 1226(a) no sooner than 30 days from the date of the Order. ECF No. 23.

## II.  Discussion

This Court's previous analysis of the issue governs here. *See Aguilar Guerra v. Joyce*, No. 2:25-CV-00534, 2025 WL 2999042 (D. Me. Oct. 24, 2025). Because Petitioner is a noncitizen who has been continuously present in the United States for more than two years, section 1226(a)'s discretionary detention scheme—not section 1225(b)(2)—applies to his detention. *See Chogllo Chafla v. Scott*, No. 2:25-CV-00437, 2025 WL 2688541, at *5–9 (D. Me. Sept. 22, 2025); *see also id.* at *5 (collecting cases holding the same). Furthermore, the Government has previously treated Mr. Guillen Posada as detained under section 1226(a), and the Government is not allowed to reverse its position to suddenly bring Petitioner under the auspices of section 1225(b)(2). *See Ramirez Clavijo v. Kaiser*, No. 25-CV-06248, 2025 WL 2419263, at *4 (N.D. Cal. Aug. 21, 2025) (finding that once immigration authorities "elect[] to proceed with full removal proceedings under § 1226, [they] cannot [] reverse course and institute § 1225 expedited removal proceedings").

For the reasons I have previously enumerated, Mr. Guillen Posada's unlawful detention under section 1225(b)(2) violates his constitutional rights to due process as established by *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976), and *Hernandez-Lara v. Lyons*, 10 F.4th 19, 27–28 (1st Cir. 2021). *See also Chogllo Chafla*, 2025 WL 2688541, at *9–11 (applying the *Mathews* factors and finding that continued detention absent procedural safeguards violates due process); *Bermeo Sicha v. Bernal*, No. 25-CV-00418, 2025 WL 2494530, at *5–6 (D. Me. Aug. 29, 2025) (collecting cases requiring a bond re-

4

determination hearing before revocation if petitioner is re-detained). Thus, his continued detention is unlawful, and his habeas petition must be granted.

### III.     Conclusion

Accordingly, I **GRANT** the Petitioner's verified habeas petition, ECF No. 21, and **ORDER** him immediately released on his own recognizance without bail conditions. I **ORDER** that he receive an individual bond hearing pursuant to section 1226(a). The Government is enjoined from denying Petitioner a bond hearing on the basis that 8 U.S.C. § 1225(b)(2) applies to Petitioner and the Government shall provide Petitioner with a bond hearing in accordance with 8 U.S.C. § 1226(a)(2) no sooner than 30 days from the date of the Order in this case. The Government is further **ORDERED** to file a status report within five days of Petitioner's bond hearing, stating whether the Petitioner has been granted bond, and, if his request for bond was denied, the reasons for that denial.

**SO ORDERED.**

Dated this 10th day of November, 2025.

/s/ Stacey D. Neumann
**UNITED STATES DISTRICT JUDGE**